# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DANIEL HAMPTON, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br>v.<br><br>METADIGM SERVICES INC.,<br><br>  Defendant. | **CLASS ACTION COMPLAINT** |

Plaintiff Daniel Hampton ("Plaintiff") alleges on his own behalf and the class of those similarly situated as follows:

## NATURE OF THE ACTION

1. Defendant provided smart grid services for electric, water and gas utilities and operated facilities in several states. Plaintiff worked for Defendant at the Atlanta, Georgia facility until his termination on March 18, 2013. On or about March 18, 2013, Defendant terminated more than 150 employees without any advance notice.

2. The Plaintiff brings this action on behalf of himself, and more than 150 other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, the mass layoffs or plant closings ordered by Defendant on or about March 18, 2013 and within thirty (30) days of that date, and who were not provided 60 days advance written notice of their terminations by Defendant, as required by

the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

3.  Plaintiff and all similarly situated employees seek to recover 60 days wages benefits, pursuant to 29 U.S.C. § 2104, from Defendant.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2104(a)(5).

5.  A violation of the WARN Act alleged herein occurred in Atlanta, Georgia.

6.  Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

7.  Plaintiff Daniel Hampton was employed by Defendant, and worked at the Defendant's facility located at 5775 Peachtree Dunwoody Road, NE, Suite C-300 Atlanta, Georgia (the "Atlanta Facility") until his termination on or about March 18, 2013.

### *Defendant*

8.  Upon information and belief and at all relevant times, Defendant Metadigm Services Inc. ("Metadigm") is a Delaware corporation, located at 5775 Peachtree Dunwoody Road, NE, Suite C-300, Atlanta, Georgia.

9.  Until on or about March 18, 2013, the Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to the Atlanta Facility, or at facilities operated by Defendant in Covington, Georgia; Cleveland, Tennessee; and Richmond, Kentucky (the "Facilities").

## **WARN ACT CLASS ALLEGATIONS**

10. Plaintiff brings this action on his own behalf and on behalf of all other similarly situated former employees of Defendant who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about March 18, 2013 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant on that date, pursuant to 29 U.S.C. § 2104(a)(5).

11. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

12. On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendant.

13. On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class Member at the time of his/her termination is contained in the books and records of the Defendant.

14. There are questions of law and fact common to the Class Members that predominate over any questions affecting individual members.

15. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a)    whether the Class Members were employees of the Defendant who worked at or reported to one of Defendant's Facilities;

  (b) whether Defendant terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice; and

  (c) whether Defendant paid the Class members 60 days wages and benefits as required by the WARN Act.

16. The Plaintiff's claim is typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated without cause on or about March 18, 2013, due to the mass layoffs and/or plant closings ordered by Defendants.

17. The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

18. Class certification of these claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

19. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of

the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

20. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

## CLAIM FOR RELIEF

### Federal WARN Act Cause of Action

22. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

23. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

24. At all relevant times, the Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

25. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

26. On or about March 18, 2013, and within 30 days thereafter, the Defendant ordered mass layoffs and/or plant closings at its Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

27. The mass layoffs and/or plant closings at the Atlanta Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as more than 33% of Defendant's workforce at the Atlanta Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

28. The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Atlanta Facility or at its other Facilities.

29. The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

30. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

31. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

32. The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

33. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b), Plaintiff and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4);

E. Interest as allowed by law on the amounts owed under the preceding paragraph;

F. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

G. Such other and further relief as this Court may deem just and proper.

Dated: March 18, 2013

Respectfully submitted,

By: _____
Janet E. Hill
Ga. State Bar # 354230
**Hill & Associates, PC**

1160 S. Milledge Ave., Ste. 140
Athens, Georgia 30605

Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Email: jar@outtengolden.com
Email: rsr@outtengolden.com
(*pro hac vice* motion forthcoming)

*Attorneys for Plaintiff and the putative Class*